IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

SOUTHERN BANCORP BANK, N.A.                                            PLAINTIFF

v.                              No. 2:09CV00136 JLH

BAYER CROPSCIENCE LP d/b/a
BAYER CROPSCIENCE and
BAYER CROPSCIENCE HOLDING INC.
d/b/a BAYER CROPSCIENCE                                              DEFENDANTS

**OPINION AND ORDER**

The plaintiff, Southern Bancorp Bank, N.A. ("Bancorp"), filed a complaint in the Circuit Court of Phillips County, Arkansas, against Bayer CropScience LP and Bayer CropScience Holding Inc. (collectively "BCS") for conversion and violations of the Arkansas Deceptive Trade Practices Act ("ADTPA"), ARK. CODE ANN. § 4-88-101 et seq. BCS removed the case to federal court pursuant to 28 U.S.C. §§ 1441 and 1446. This Court has jurisdiction pursuant to 28 U.S.C. § 1332. BSC filed a motion to dismiss Bancorp's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Bancorp filed a response, and BSC replied. For the following reasons, the defendants' motion to dismiss is denied.

**I.**

In 2006, Bancorp made crop production loans to two separate Arkansas partnerships: JSR & Company ("JSR") and Richmond and Company ("Richmond"). JSR and Richmond each signed promissory notes in favor of Bancorp as well as security agreements pledging crops, farm products, accounts, general intangibles, and other property as collateral. The security agreements authorized Bancorp "to file a UCC financing statement, or alternatively, a copy of [the agreements] to perfect [Bancorp's] security interest." (Compl. Exs. 4-5, 6, 12-13.) The security agreements also specified

that Bancorp would have "all the rights and remedies of a secured creditor under the provisions of the Uniform Commercial Code." (*Id.*)  Bancorp filed UCC financing statements to perfect its security interests in the property, pursuant to ARK. CODE ANN. § 4-9-310 (2009).

During the 2006 crop year, JSR and Richmond used cotton seed, herbicide, and other products manufactured by BCS.  BSC issued rebate checks to JSR and Richmond at various times during 2006.  Bancorp alleges that the rights to receive these rebate checks were general intangibles and covered by the collateral description in Bancorp's security agreements and financing statements. (Compl. ¶ 8.)  Bancorp also alleges that it had a legal right to receive these funds for credit on the secured loan obligations of JSR and Richmond, and that BCS had a legal duty to perform a lien search and to remit the rebate checks to Bancorp.  (*Id.*)  BCS argues that it did not have a legal duty to perform a lien search; rather, Bancorp had a duty to send BCS authenticated notification that the rebate checks had been assigned to Bancorp.  *See* ARK. CODE ANN. § 4-9-406.

## II.

In ruling on a Rule 12(b)(6) motion to dismiss, the court "accept[s] as true all of the factual allegations contained in the complaint, and review[s] the complaint to determine whether its allegations show that the pleader is entitled to relief." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008).  All reasonable inferences from the complaint must be drawn in favor of the nonmoving party.  *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004).  A motion to dismiss should not be granted merely because the complaint "does not state with precision all elements that give rise to a legal basis for recovery." *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999).  A complaint need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct.

2197, 2200, 167 L. Ed. 2d 1081 (2007) (quoting FED. R. CIV. P. 8(a)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (citations omitted). Stated differently, the plaintiff must "raise a right to relief above a speculative level." *Schaaf*, 517 F.3d at 549.

### III.

Bancorp claims that "[t]he actions of Bayer Cropscience in issuing rebate checks and other payments directly to JSR and Richmond, rather than directly or jointly to Plaintiff, resulted in and was an active part of a conversion of these funds." (Compl. ¶ 9.) Conversion is "any distinct act of dominion wrongfully exerted over property in denial of, or inconsistent with, the owner's right." *McKenzie v. Tom Gibson Ford, Inc.*, 749 S.W.2d 653, 655, 295 Ark. 326, 329 (1988). Conversion need not be for the defendant's use: if the defendant exercises control over goods in exclusion of the plaintiff's right, it is a conversion, even if it is for another's use. *Id.* at 655, 295 Ark. at 329-30. To state a claim for conversion, the plaintiff must allege (a) ownership of the property by the plaintiff and (b) exercise of dominion over the property by the defendant in violation of the plaintiff's rights. *Giroir v. MBANK Dallas, N.A.*, 676 F. Supp. 915, 919 (E.D. Ark. 1987).

BCS contends that Bancorp has not stated a claim for conversion because Bancorp has not alleged facts sufficient to prove that Bancorp owned the rights to the rebates. BCS first argues the complaint does not allege that JSR and Richmond were in default at the time the rebates were paid out or had assigned their rights to receive the rebates to Bancorp. *See Nw. Nat'l Bank v. Merrill*

*Lynch, Pierce, Fenner & Smith, Inc.*, 757 S.W.2d 182, 184-86, 25 Ark. App. 279, 283-87 (Ark. Ct. App. 1988) (recognizing that a secured party can lay claim to collateral only upon default unless the debtor otherwise assigns its rights to the creditor). Second, assuming there was an assignment, BCS argues the complaint does not allege that BCS received authenticated notification that the rights to the rebates had been assigned to Bancorp. *See* ARK. CODE ANN. § 4-9-406(a) (finding that an account debtor may "discharge its obligation by paying the assignor until, but not after, the account debtor receives a notification, authenticated by the assignor or the assignee, that the amount due or to become due has been assigned and that payment is to be made to the assignee"); *see also In re Apex Oil Co.*, 975 F.2d 1365, 1368 (8th Cir. 1992) (explaining that section 4-9-406(a) applies "when a secured party (assignee) sues a debtor for improper payment" and is designed to "protect[] account debtors who have already paid from having to pay twice on the same debt").

Bancorp alleges that BCS violated the ADTPA by "willfully failing to conduct a lien search or ignoring the results thereof" when it paid the rebates to JSR and Richmond, which constituted "deception, concealment, suppression of material information and unconscionable conduct." (Compl. ¶ 10.)  The ADTPA makes it unlawful to engage in any unconscionable, false, or deceptive act or practice in business, commerce, or trade, or, in connection with a sale or advertisement, to employ deception, fraud, or false pretense, or the "concealment, suppression, or omission of any material fact with intent that others rely upon the concealment, suppression, or omission."  ARK. CODE ANN. §§ 4-88-107(a)(10), 108.  Again, BCS alleges that Bancorp has failed to establish that Bancorp owned the right to the rebates either through default or assignment with notification to BCS.

In its complaint, Bancorp alleges that it owned the rights to the rebates because it complied with Article 9 of the UCC by creating, attaching, and perfecting its secured interest in the rebates.

(Compl. ¶¶ 5-7.) In particular, Bancorp alleges: (1) JSR and Richmond executed security agreements securing their promissory notes to Bancorp; (2) Bancorp filed financing statements to perfect its secured interest in the collateral, which included the rights to the rebates;[1] (3) Bancorp had the right to receive the rebates for credit on the secured loan obligations of JSR and Richmond; and (4) BCS deprived Bancorp of that right by sending the rebates to JSR and Richmond. (*Id*. ¶¶ 5-8.) Although Bancorp did not address whether it obtained the right to receive the rebates through default or assignment, or whether BCS has any defenses to Bancorp's claim of ownership, the factual allegations in the complaint are sufficient to state a claim for relief. *See Schmedding*, 187 F.3d at 864. Bancorp has done more than merely recite the elements of the causes of action; it has attempted to set forth facts demonstrating its ownership interest in the BCS refunds. *See Twombly*, 550 U.S. at 563, 127 S. Ct. at 1969. "A complaint should not be dismissed merely because the court doubts that a plaintiff will be able to prove all the necessary allegations." *Bartis v. John Bommarito Oldsmobile-Cadillac, Inc.*, 626 F. Supp. 2d 994, 997 (E.D. Mo. 2009) (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997)). Bancorp has met the pleading requirements of the Federal Rules of Civil Procedure; it has stated a claim for relief and should be able to present evidence as to whether it was entitled to the refund checks at issue. *See id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)) ("The issue is not whether the plaintiff will ultimately prevail but whether he is entitled to present evidence to support his claims.").

---

[1] The security agreements list general intangibles as collateral securing the notes. The parties agree that the rights to refunds, rebates or other discounts are general intangibles. *See* WILLIAM D. HAWKLAND, RICHARD A. LORD, & CHARLES C. LEWIS, UNIFORM COMMERCIAL CODE SERIES § 9-106:03 (1996); *see also In re Megamarket of Lexington, Inc.*, 207 B.R. 527, 533 (Bankr. E.D. Ky. 1997); *In re Maplewood Poultry Co.*, 2 B.R. 550, 554 n.5 (Bankr. Me. 1980).

The Court notes BCS's argument that Bancorp's claim must fail because the notice required by Ark. Code Ann. § 4-9-406 was not given but has concluded that this argument should be addressed in the context of a summary judgment motion, after time for discovery, or based on a fully developed factual record after trial.

## CONCLUSION

For the reasons stated above, the defendants' motion to dismiss is DENIED. Document #3.

IT IS SO ORDERED this 17th day of November, 2009.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE