IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

SOUTHERN BANCORP BANK, N.A.                                                    PLAINTIFF

v.                                          No. 2:09CV00136 JLH

BAYER CROPSCIENCE LP d/b/a
BAYER CROPSCIENCE and
BAYER CROPSCIENCE HOLDING INC.
d/b/a BAYER CROPSCIENCE                                                       DEFENDANTS

**OPINION AND ORDER**

Southern Bancorp Bank, N.A. ("Bancorp"), commenced this action in the Circuit Court of Phillips County, Arkansas, against Bayer CropScience LP and Bayer CropScience Holding Inc. (collectively "Bayer"), for conversion and violations of the Arkansas Deceptive Trade Practices Act ("ADTPA"), Ark. Code Ann. § 4-88-101 *et seq*. Bayer removed the case to federal court pursuant to 28 U.S.C. §§ 1441 and 1446. This Court has jurisdiction pursuant to 28 U.S.C. § 1332. Bayer filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Bancorp responded and filed a motion to amend the final scheduling order to continue the trial date and allow for further discovery. For the following reasons, the defendants' motion for summary judgment is denied, and the plaintiff's motion to amend the final scheduling order is granted.

I.

In 2006, Bancorp made crop production loans to two separate Arkansas partnerships: JSR & Company and Richmond and Company. JSR and Richmond each signed promissory notes in favor of Bancorp as well as security agreements pledging crops, farm products, accounts, general intangibles, and other property as collateral. The security agreements authorized Bancorp "to file a UCC financing statement, or alternatively, a copy of [the agreements] to perfect [Bancorp's]

security interest." (Compl. Exs. 4-6 & 12-13, p.3.) The security agreements also specified that Bancorp would have all the rights and remedies of a secured creditor under the provisions of the UCC. (*Id.* at 4.) Bancorp filed UCC financing statements to perfect its security interests in the property, pursuant to section 4-9-310 of the Arkansas Code.

During the 2006 crop year, JSR and Richmond purchased cotton seed, herbicide, and other products manufactured by Bayer from Helena Chemical Company, a retailer that sells Bayer products. Bayer issued rebate checks to JSR and Richmond at various times during 2006. Bancorp alleges that the rights to receive these rebate checks were assigned to Bancorp as payment intangibles and covered by the collateral description in Bancorp's security agreements and financing statements. (Compl. ¶ 8.) Bancorp also alleges that Bayer had a duty to pay the rebate checks to Bancorp. In its motion for summary judgment, Bayer contends that it did not receive authenticated notice of the assignment and, as a result, was not obligated to pay the rebate checks to Bancorp. *See* Ark. Code Ann. § 4-9-406 (2009). Even if the assignment was effective, Bayer argues that Bancorp was not entitled to the checks because the assignors, JSR and Richmond, were not in default at the time the rebate checks were paid.

## II.

A court should enter summary judgment if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Cheshewalla v. Rand & Son Constr. Co.*, 415 F.3d 847, 850 (8th Cir. 2005). A party may move for summary judgment at any time until thirty days after the close of all discovery. Fed. R. Civ. P. 56(c)(1)(A).

The party moving for summary judgment bears the initial responsibility of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). If the moving party carries its burden, the nonmoving party must "come forward with 'specific facts showing that there is a *genuine issue for trial*.' " *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1985) (quoting Fed. R. Civ. P. 56(e)) (emphasis in original). A genuine issue for trial exists only if there is sufficient evidence to allow a jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511. When a nonmoving party cannot make an adequate showing on a necessary element of the case on which that party bears the burden of proof, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 322, 106 S. Ct. at 2552.

### III.

Bayer seeks summary judgment because, assuming the rebate checks were assigned to Bancorp,[1] Bayer did not receive authenticated notice of the assignment. Pursuant to Article 9 of the UCC,

> an account debtor on an account, chattel paper, or a payment intangible may discharge its obligation by paying the assignor until, but not after, the account debtor receives a notification, authenticated by the assignor or the assignee, that the amount due or to become due has been assigned and that payment is to be made to the assignee. After receipt of the notification, the account debtor may discharge its obligation by paying the assignee and may not discharge the obligation by paying the assignor.

Ark. Code Ann. § 4-9-406(a). Authenticated notice is notice that includes a signature or symbol that identifies the person or entity giving notice. *See* Ark. Code Ann. § 4-9-102(a)(7). "An effective

---

[1] Bayer does not admit that the alleged assignment was effective.

notification under subsection (a) must be authenticated."[2]  Ark. Code Ann. § 4-9-406 cmt. 2. Bancorp admits that it did not send authenticated notice advising Bayer, the account debtor, of its security interest in the rebates.  (*See* Pl.'s Resp. Br. p.2.)  No evidence has been presented as to whether JSR or Richmond, the assignors, gave authenticated notice of the assignment to Bayer. Bayer has the initial burden of showing that there is no genuine issue of material fact.  Bayer has shown, through responses to requests for admission, that Bancorp did not give authenticated notice. Bayer has not, however, presented an affidavit or any statement under oath on the issue of whether JSR or Richmond sent an authenticated notice.  Bayer has therefore failed to meet its initial burden of showing the absence of a genuine issue of material fact.

Bayer also contends that the loans from Bancorp to JSR and Richmond were not in default at the time Bayer issued the rebates.  Specifically, Bayer relies on an interrogatory response in which the Bancorp stated that JSR and Richmond defaulted on the 2006 promissory notes on March 16, 2007, when they failed to make payments that were due.  (Defs.' Mot. for S.J. Ex. B.)  In response, Bancorp has submitted an affidavit stating that through other litigation it has determined that the debtors defaulted on their loans when the first rebate checks were issued by failing "to comply with or to perform [a] term, obligation, covenant or condition contained in [the Security] Agreement." (Compl. Exs. 4-6 & 12-13, p.4.)   Specifically, Bancorp contends that the debtors violated the provision entitled "Transactions Involving Collateral" by transferring or disposing of the rebate

---

[2] "This requirement normally could be satisfied by sending notification on the notifying person's letterhead or on a form on which the notifying person's name appears.  In each case the printed name would be a symbol adopted by the notifying person for the purpose of identifying the person and adopting the notification."  Ark. Code Ann. § 4-9-406 cmt. 2.

checks. (*See id.* at 2.) Thus, a genuine issue of material fact remains as to whether the debtors were in default at the time Bayer issued the rebate checks.

## CONCLUSION

For the reasons stated, Bayer's motion for summary judgment is DENIED. Document #16. The plaintiff's motion to amend the final scheduling order is GRANTED. Document #24. The trial will be continued. A new scheduling order will be issued by separate order.

IT IS SO ORDERED this 14th day of June, 2010.

                                                   *J. Leon Holmes*
                                                   _____
                                                   J. LEON HOLMES
                                                   UNITED STATES DISTRICT JUDGE