## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## HELENA DIVISION

SOUTHERN BANCORP BANK, N.A.                                                                                    PLAINTIFF

v.                                          No. 2:09CV00136 JLH

BAYER CROPSCIENCE LP d/b/a
BAYER CROPSCIENCE and
BAYER CROPSCIENCE HOLDING INC.
d/b/a BAYER CROPSCIENCE                                                                                        DEFENDANTS

### ORDER

On June 14, 2010, the Court entered an Opinion and Order denying the defendants' motion for summary judgment on Southern Bancorp Bank's claims for conversion and violations of the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-101 *et seq.*, which arose after the defendants (collectively "Bayer") sent rebate checks to two of their customers, JSR & Company and Richmond and Company, who had signed security agreements in favor of Bancorp pledging general intangibles as collateral on their crop production loans. In the motion for summary judgment, Bayer argued that, even if the checks were properly assigned to Bancorp, Bancorp was not entitled to the checks because Bayer did not receive authenticated notice of the assignment from the assignee, Bancorp, or the assignors, JSR and Richmond, pursuant to Article 9 of the UCC. Ark. Code Ann. § 4-9-406(a) (2009). In a motion for summary judgment, the movant bears the initial burden of showing that there is no genuine issue of material fact. Bayer offered proof that Bancorp had not provided Bayer with authenticated notice, but as the Court read the evidence, Bayer did not offer proof as to whether JSR or Richmond had provided authenticated notice, so it failed to meet its initial burden of showing the absence of a genuine issue of material fact, and the Court denied Bayer's motion for summary judgment. On June 22, 2010, the defendants filed a motion for reconsideration.

Motions for reconsideration are governed by Federal Rule of Civil Procedure 54(b), which provides that in the absence of a final judgment, any order that adjudicates fewer than all of the claims of fewer than all of the parties is subject to revision at any time before the entry of judgment adjudicating all of the claims and the rights and liabilities of all of the parties. *Wells' Dairy, Inc. v. Travelers Indem. Co. of Ill.*, 336 F. Supp. 2d 906, 909 (N.D. Iowa 2004) (citing cases). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. Such motions cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during pendency of the summary judgment motion." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988).

In its motion for reconsideration, Bayer contends that whether JSR or Richmond provided authenticated notice is not at issue because "Plaintiff has never alleged that JSR & Company or Richmond and Company . . . sent notice to BCS of the alleged assignment."  (Defs.' Mot. ¶ 2.) However, that is simply not the case.  Although Bancorp admitted that it did not send a written notice advising Bayer that it held a security interest in the rebate checks, it also said that it "attempted in discovery to obtain copies of all [ ] documentation related to the payments, possibly including notices from JSR [or] Richmond referencing Plaintiff's interest." (Pl.'s Br. at 2.) In other words, Bancorp questioned whether JSR or Richmond sent authenticated notice of the assignment to Bayer.  In its original motion for summary judgment, Bayer offered no evidence on this point.

Bayer also contends that the Court should reconsider its motion for summary judgment because Bayer did not receive authenticated notice of the assignment from JSR or Richmond. (Def.'s Mot. ¶ 2.)  As evidence of such, Bayer includes with its motion Defendants' Responses to Plaintiff's Second Set of Interrogatories and Requests for Production of Documents. (Defs.' Ex. 1.) According to the responses to Interrogatories 10 and 11, Bayer had no knowledge of how JSR or

2

Richmond financed their farming operations, with whom they financed their operations, or what collateral they pledged in connection with the financing of their farming operations. (*Id.* ¶¶ 10-11.) Bayer argues that this is sufficient to prove that it did not receive authenticated notice of the alleged assignment to Bancorp.

In its response to the original summary judgment motion, Bancorp attached as evidence answers to interrogatories that were not verified. (Pl.'s Ex. D.) Because they were not verified, the Court did not consider them as evidence. Bayer has now submitted the same answers to interrogatories but has appended a verification by "John P. Fred, Counsel, on behalf of Bayer CropScience," stating, "The facts and information set forth above are true and correct to the best of my knowledge, information, and belief." An affidavit supporting or opposing a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56(e); *see also Murphy v. Missouri Dept. of Corrections*, 372 F.3d 979, 982 (8th Cir. 2004) ("We consider only admissible evidence and disregard portions of various affidavits and depositions that were made without personal knowledge, consisted of hearsay, or purported to state legal conclusions as fact."). The verification by Mr. Fred does not meet the requirements of Rule 56(e). Therefore, the Court again declines to consider the answers to interrogatories as evidence. The motion for reconsideration is DENIED. Document #40.

IT IS SO ORDERED this 26th day of July, 2010.

*/s/ J. Leon Holmes*
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

3