IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

SOUTHERN BANCORP BANK, N.A.                                                                 PLAINTIFF

v.                                          No. 2:09CV00136 JLH

BAYER CROPSCIENCE LP d/b/a
BAYER CROPSCIENCE and
BAYER CROPSCIENCE HOLDING INC.
d/b/a BAYER CROPSCIENCE                                                                    DEFENDANTS

**OPINION AND ORDER**

Defendants Bayer CropScience LP and Bayer CropScience Holding Inc. (collectively "Bayer") have filed a renewed motion for summary judgment. In the original motion, which was filed on March 25, 2010, Bayer sought summary judgment on the plaintiff's claims for conversion and violations of the Arkansas Deceptive Trade Practices Act ("ADTPA"), Ark. Code Ann. § 4-88-101 *et seq.*, which were brought after Bayer sent rebate checks to two separate Arkansas partnerships, JSR & Company and Richmond and Company, that had signed promissory notes and security agreements in favor of Bancorp pledging crops, farm products, accounts, general intangibles, and other property as collateral. In its complaint, Bancorp alleged that Bayer had a duty to pay the rebate checks to Bancorp instead of to JSR and Richmond. In its motion for summary judgment, Bayer contended that it did not receive authenticated notice that JSR and Richmond had assigned their interests in the rebate checks to Bancorp and, as a result, was not obligated to send the rebate checks to Bancorp. *See* Ark. Code Ann. § 4-9-406 (2009).

In the Court's opinion and order dated June 14, 2010, the Court cited Article 9 of the UCC, which states that

> an account debtor on an account, chattel paper, or a payment intangible may discharge its obligation by paying the assignor until, but not after, the account debtor receives a notification, authenticated by the assignor or the assignee, that the amount

> due or to become due has been assigned and that payment is to be made to the assignee. *After receipt of the notification, the account debtor may discharge its obligation by paying the assignee and may not discharge the obligation by paying the assignor.*

Ark. Code Ann. § 4-9-406(a) (emphasis added). Although Bancorp admitted that it had not sent authenticated notice of assignment advising Bayer, the account debtor, of its security interest in the rebates, the Court determined that Bayer was not entitled to summary judgment because no evidence had been presented as to whether JSR or Richmond, the assignors, gave authenticated notice of the assignment to Bayer.

In its renewed motion for summary judgment, Bayer presents evidence in the form of an affidavit from James Victor Richmond, who managed JSR and Richmond during the relevant time period. Mr. Richmond states in his affidavit that, to the best of his knowledge, "neither JSR . . . or Richmond . . . gave Bayer CropScience LP or Bayer CropScience Holding Inc. any notice that any payments owed to JSR & Company or Richmond and Company had been assigned to Southern Bancorp Bank . . . ." (Def.'s Renewed S.J. Mot. Ex. C, ECF # 49-4.) Bayer also offers the affidavit testimony of Mr. Bill Dove, U.S. Head of Credit for Bayer CropScience LP, which states that, based on a review of the records, neither JSR nor Richmond, nor anyone else, gave Bayer any notice that the rebate checks owed to JSR and Richmond had been assigned to Bancorp. (Def.'s Renewed S.J. Mot. Ex. D, # 49-5.)

Bancorp offers no evidence to the contrary. Instead, it argues that Mr. Richmond is not a credible witness—a response that is not sufficient in light of Bayer's properly supported motion. *See Crawford-El v. Britton*, 523 U.S. 574, 600, 118 S. Ct. 1584, 1598, 140 L. Ed. 2d 759 (1998) ("At [the summary judgment] stage, if the defendant[ ] has made a properly supported motion, the plaintiff may not respond simply with general attacks upon the defendant's credibility, but rather

must identify affirmative evidence . . . .") (footnote omitted); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57, 106 S. Ct. 2505, 2514, 91 L. Ed. 2d 202 (1986) ("As we have recently said, 'discredited testimony is not [normally] considered a sufficient basis for drawing a contrary conclusion.' Instead, the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment.") (internal citation omitted).  In the alternative, Bancorp argues that Helena Chemical Company, the company from which JSR and Richmond purchased their Bayer products, was an agent of Bayer and received from Bancorp "written documentation of the basic terms of [Bancorp's] loan." (Pl.'s Br. in Resp. to Renewed S.J. Mot. at 3, ECF # 58.)  That documentation included "how much [Bancorp] loaned [the debtor], how much was available to be drawn, and what the due date was essentially, and that would be about it."  (Pl.'s Resp. to Renewed S.J. Mot. Ex. D at 5, ECF # 57-4.)  However, nothing in that documentation could be construed as authenticated notice that JSR and Richmond had assigned their interest in the Bayer rebate checks to Bancorp.  Nor does Bancorp offer evidence that the financing statement or any part thereof constituted authenticated notice of assignment.

## CONCLUSION

For the reasons stated, Bayer's renewed motion for summary judgment is GRANTED. Document #49.

IT IS SO ORDERED this 24th day of February, 2011.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE